UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SHERRI LEE NORRIS,

Plaintiff,

v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,

Defendant.

No. 2:17-cv-01861 CKD

ORDER

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying an application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("Act"). The parties have consented to Magistrate Judge jurisdiction to conduct all proceedings in the case, including the entry of final judgment. For the reasons discussed below, the court will grant plaintiff's motion for summary judgment and deny the Commissioner's cross-motion for summary judgment.

BACKGROUND

Plaintiff, born September 26, 1963, applied on July 24, 2013 for SSI, alleging disability beginning July 11, 2011. Administrative Transcript ("AT") 21, 78-79. Plaintiff alleged she was unable to work due to anxiety, panic attacks, stress, depression, memory loss, and high blood

pressure. AT 78-79. In a decision dated June 15, 2016, the ALJ determined that plaintiff was not disabled.[1] AT 21-29. The ALJ made the following findings (citations to 20 C.F.R. omitted):

> 1. The claimant meets the insured status of the Social Security Act through December 31, 2016.
>
> 2. The claimant has not engaged in substantial gainful activity since July 11, 2011, the alleged onset date.
>
> 3. There are no medical signs or laboratory findings to substantiate the existence of a medically determinable impairment prior to July 11, 2013.
>
> 4. The claimant has the following severe impairments from July 11, 2013: depressive disorder and posttraumatic stress disorder.
>
> 5. The claimant does not have an impairment or combination of

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq. Supplemental Security Income is paid to disabled persons with low income. 42 U.S.C. § 1382 et seq. Both provisions define disability, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment. . . ." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A parallel five-step sequential evaluation governs eligibility for benefits under both programs. See 20 C.F.R. §§ 404.1520, 404.1571-76, 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen, 482 U.S. at 146 n.5, 107 S. Ct. at 2294 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.

2

impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

6. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant can perform jobs with no more than occasional changes in the routine work setting; the claimant requires routine, repetitive work in a stable environment; the claimant can have no more than occasional interaction with members of the public, coworkers and supervisors and the claimant cannot be expected to engage in independent planning and goal setting.

7. The claimant is unable to perform any past relevant work.

8. The claimant was born on September 26, 1963 and was 47 years old, which is defined as an individual closely approaching advanced age, on the alleged disability onset date.

9. The claimant has a limited education and is able to communicate in English.

10. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is 'not disabled,' whether or not the claimant has transferable job skills.

11. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

AT 23-28.

ISSUES PRESENTED

Plaintiff argues that the ALJ committed the following error in finding plaintiff not disabled: The ALJ erred in discounting plaintiff's subjective symptom testimony.

LEGAL STANDARDS

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it. Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is more than a mere scintilla, but less than a preponderance. Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003) (citation omitted). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Orn v. Astrue, 495 F.3d 625, 630 (9th

Cir. 2007), quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008).

The record as a whole must be considered, Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that detracts from the ALJ's conclusion weighed. See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence. Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence. See Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

ANALYSIS

The sole issue before the court is whether the ALJ committed prejudicial error in discounting plaintiff's subjective symptoms.

The ALJ determines whether a disability applicant is credible, and the court defers to the ALJ's discretion if the ALJ used the proper process and provided proper reasons. See, e.g., Saelee v. Chater, 94 F.3d 520, 522 (9th Cir. 1995). If credibility is critical, the ALJ must make an explicit credibility finding. Albalos v. Sullivan, 907 F.2d 871, 873-74 (9th Cir. 1990); Rashad v. Sullivan, 903 F.2d 1229, 1231 (9th Cir. 1990) (requiring explicit credibility finding to be supported by "a specific, cogent reason for the disbelief").

In evaluating whether subjective complaints are credible, the ALJ should first consider objective medical evidence and then consider other factors. Bunnell v. Sullivan, 947 F.2d 341, 344 (9th Cir. 1991) (en banc). If there is objective medical evidence of an impairment, the ALJ then may consider the nature of the symptoms alleged, including aggravating factors, medication, treatment and functional restrictions. See id. at 345-47. The ALJ also may consider: (1) the

applicant's reputation for truthfulness, prior inconsistent statements or other inconsistent testimony, (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment, and (3) the applicant's daily activities. Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996); see generally SSR 96-7P, 61 FR 34483-01; SSR 95-5P, 60 FR 55406-01; SSR 88-13. Work records, physician and third party testimony about nature, severity and effect of symptoms, and inconsistencies between testimony and conduct also may be relevant. Light v. Social Security Administration, 119 F.3d 789, 792 (9th Cir. 1997). A failure to seek treatment for an allegedly debilitating medical problem may be a valid consideration by the ALJ in determining whether the alleged associated pain is not a significant nonexertional impairment. See Flaten v. Secretary of HHS, 44 F.3d 1453, 1464 (9th Cir. 1995). The ALJ may rely, in part, on his or her own observations, see Quang Van Han v. Bowen, 882 F.2d 1453, 1458 (9th Cir. 1989), which cannot substitute for medical diagnosis. Marcia v. Sullivan, 900 F.2d 172, 177 n.6 (9th Cir. 1990). "Without affirmative evidence showing that the claimant is malingering, the Commissioner's reasons for rejecting the claimant's testimony must be clear and convincing." Morgan v. Commissioner of Social Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999).

Plaintiff asserts that the ALJ failed to provide sufficient reasons for discounting her subjective symptoms, citing Brown-Hunter v. Colvin, 806 F.3d 487, 494 (9th Cir. 2015) (ALJ's failure "to identify the testimony she found not credible" and "link that testimony to particular parts of the record supporting her non-credibility determination" was legal error). See also Treichler v. Comm'r of Soc. Sec., 775 F.3d 1090, 1102-1103 (9th Cir. 2014) (ALJ's failure to "specifically identify the testimony" he found not credible was error; boilerplate statement that symptoms were not credible to the extent they were inconsistent with the RFC was insufficient); Morsea v. Berryhill, 725 Fed. Appx. 463, 465 (9th Cir. Feb. 12, 2018) (unpublished) (ALJ "failed to identify the testimony from the claimant found not credible and explain what evidence undermined his testimony. Although the ALJ summarized claimant's testimony and also summarized the medical evidence in the record, the findings were general in nature, which is insufficient for an adverse credibility determination."), citing Treichler, 775 F.3d at 1102.

////

The ALJ found plaintiff to have two severe impairments: depressive disorder and PTSD. AT 24. Assessing residual functional capacity, the ALJ summarized plaintiff's testimony as follows:

> The claimant testified that she lived with her son. The claimant stated that she suffered from panic attacks and depression. The claimant stated she was easily overwhelmed. The claimant reported she did not like to be around people.

AT 26.[2] The ALJ also summarized a function report completed by plaintiff in 2013 in which she "stated that she was able to care for her personal needs, prepare simple meals and perform household chores. The claimant reported that she was able to shop and drive."[3] AT 26, citing AT 253-261.

The ALJ found that plaintiff's impairments could be reasonably expected to cause the alleged symptoms; "however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." AT 26.

The ALJ next summarized the objective medical evidence bearing on plaintiff's mental limitations, including multiple normal mental status examinations in 2013, 2014, 2015, and 2016 and a September 2013 Global Assessment Functioning score of 65-70.[4] AT 26-27; see AT 375-

---

[2] At the May 2, 2016 hearing, plaintiff testified that she became panicked when she had to go somewhere such as the doctor's or the grocery store; that she took medication in order to go places and "not run out"; had more "bad days" than "good days" in a month; and often felt overwhelmed. AT 43-44. She testified that her symptoms had improved with medication and therapy, but that she would have problems staying on the job site for a normal workweek due to mental issues. AT 46. She testified to periods of depression when she did not get out of bed, and stated that she became easily agitated and angry. AT 47-48.

[3] In her adult function report, plaintiff also indicated that she had anxiety that made it difficult to go places alone or engage in social activities; that she became easily agitated and upset; and that she experienced memory problems as a side effect of medication. AT 253-261.

[4] GAF is a scale reflecting the "psychological, social, and occupational functioning on a hypothetical continuum of mental health-illness." Diagnostic and Statistical Manual of Mental Disorders at 34 (4th ed. 2000) ("DSM IV-TR"). A GAF of 61-70 indicates some mild symptoms (e.g., depressed mood and mild insomnia) or some difficulty in social, occupational, or school function (e.g., occasional truancy, or theft within the household), but generally functioning pretty well, has some meaningful interpersonal relationships. Id.

376, 491, 547, 553, 582, 588, 617, 665 (normal mental status exams). The ALJ gave great weight to the opinion of psychiatric consultative examiner Dr. Tim Canty, who examined plaintiff in September 2013 and concluded she should avoid highly stressful, fast-paced, or highly public work, but otherwise had no psychiatric work restrictions. AT 26-27; see AT 377. The ALJ accorded partial weight to a State agency opinion on reconsideration finding that plaintiff was able to perform simple work with limited public contact, AT 85; however, the ALJ further limited the RFC due to "some cognitive limits resulting from extensive past alcohol abuse." AT 27.

The ALJ noted that plaintiff was treated for depression and prescribed medication in 2013; after a twelve-day hospital stay for depression in January 2014, plaintiff followed up with outpatient treatment and in March 2014 reported feeling stable on medication. AT 26; see AT 541.

Following the above summary, the ALJ concluded that "[t]he claimant's subjective complaints are not consistent with the medical evidence. The objective medical evidence does not support the alleged severity of the symptoms." AT 27-28. However, "[a]n ALJ's vague allegation that a claimant's testimony is not consistent with the objective medical evidence, without any specific findings in support of that conclusion is insufficient[.]" Treichler, 775 F.3d at 1103 (internal quotations and citation omitted). "The ALJ must identify the testimony that was not credible, and specify what evidence undermines the claimant's complaints." Id., citing Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998) (internal quotations omitted). Here, the ALJ failed to specify which parts of plaintiff's testimony he deemed not credible, or supply clear and convincing reasons for discounting it.

The Treichler court continued:

> Nor is the error harmless. Because the ALJ set out his RFC and summarized the evidence supporting his determination, the government argues that we can reasonably infer that the ALJ rejected Treichler's testimony to the extent it conflicted with that medical evidence. But we cannot substitute our conclusions for the ALJ's, or speculate as to the grounds for the ALJ's conclusions. [Citation omitted.] Although the ALJ's analysis need not be extensive, the ALJ must provide some reasoning in order for us to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence. [Citation omitted.] No such reasoning is present here.

7

775 F.3d at 1103; see also Brown-Hunter, 806 F.3d at 494 (where ALJ "never identified which testimony she found not credible, and never explained which evidence contradicted that testimony," decision failed to meet ALJ's responsibility to provide reasons for her adverse determination); Powers v. Colvin, No. 1:15-cv-00077 EPG (E.D. Cal., Order dated June 21, 2016) (reversing and remanding for reassessment of claimant's credibility where ALJ failed to specify clear and convincing reasons to discount it).

Based on the foregoing, the court concludes that plaintiff is entitled to summary judgment.

CONCLUSION

With error established, the court has the discretion to remand or reverse and award benefits. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989). A case may be remanded under the "credit-as-true" rule for an award of benefits where:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

Garrison v. Colvin, 759 F.3d 995, 1020 (9th Cir. 2014). Even where all the conditions for the "credit-as-true" rule are met, the court retains "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." Id. at 1021; see also Dominguez v. Colvin, 808 F.3d 403, 407 (9th Cir. 2015) ("Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits."); Treichler, 775 F.3d at 1105 ("Where . . . an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency.").

Here, the ALJ's reasoning for discrediting plaintiff is not clearly articulated and does not support the ALJ's conclusion. The court finds that remand for further administrative proceedings is necessary so that the credibility of plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms can be properly assessed. The ALJ shall amend his analysis of plaintiff's credibility to include specific findings that include clear and convincing reasons for

doing so, or shall adjust the decision to award benefits if upon further consideration the ALJ reconsiders his rejection of plaintiff's account of the severity and limiting effects of her symptoms.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 15) is granted;
2. Defendant's cross-motion for summary judgment (ECF No. 16) is denied;
3. The Commissioner's decision is reversed;
4. This matter is remanded for further proceedings consistent with this order; and
5. The Clerk of the Court shall enter judgment for plaintiff and close this case.

Dated: January 10, 2019

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2/norris1861.ssi.ckd